## MERIDIAN LIFE INSURANCE COMPANY *v.* LATHEM.

The evidence being conflicting as to a material issue in the case, the court erred in directing a verdict for the defendant.

NOVEMBER 10, 1915.

Complaint.  Before Judge Patterson.  Cherokee superior court. August 14, 1914.·

*E. W. Coleman,* for plaintiff.

HILL, J.  The Meridian Life Insurance Company, for the use of J. W. Ford, brought its petition against W. A. Lathem, alleging substantially as follows:  In the year 1911 the plaintiff sent its agent, J. W. Ford, into Cherokee county for the purpose of taking up its insurance policies and for the purpose of writing applications for such policies.  Ford, the agent, on October 20, 1911, wrote the application for a policy on the life of W. A. Lathem for the sum of $3,000.  A copy of the application was attached to the petition. Lathem was duly examined by a physician and medical examiner for the company.  The application and medical examination having been submitted to the company, it was approved, and a policy was issued to and delivered to Lathem, and is now in his possession.

The premium on the policy is $138.39. Since the delivery of the policy Lathem has refused to pay the premium. Ford, acting under the rules of the company making him liable for the premium on the policy when he delivered it, and thinking Lathem liable for his contracts, paid and settled with the company for the premium, and is now entitled to be repaid the amount of the premium so paid. The defendant Lathem is now indebted to the plaintiff, for the use of Ford, the sum of $138.39, besides interest, etc. The defendant by his answer denied the material allegations of the petition, and averred that he was not indebted to the plaintiff, nor to J. W. Ford as agent or as an individual, and that he did not owe either or both any sum whatsoever. At the conclusion of the evidence the court directed a verdict for the defendant; and the plaintiff excepted.

The court erred in directing a verdict for the defendant. It was a question at issue as to whether the defendant, the insured, or his son, the agent, accepted the policy knowing that the premium had been paid. If either the defendant or his agent, the son, accepted it, the defendant is bound for the amount of the premium. There is evidence in the record tending to show that the defendant or his agent did so accept the policy after the agent had paid the premium. It is true that the evidence on this point was conflicting, but it should have been left to the jury to say what was the truth of the matter. The evidence was somewhat meager. The conditions in the policy, or the rules under which the agent was required to pay the premium, were not in evidence; nor was any question raised as to why the agent paid it, or as to the circumstances under which he paid it. At any rate, the evidence being conflicting on a material issue in the case, it should have been left to the jury, under proper instructions, to say which contention was correct.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*